UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO BOSLEY (#119131)                                        CIVIL ACTION

VERSUS

JAMES M. LEBLANC, SECRETARY, ET AL.                              NO. 08-0308-C-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 27th day of May, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO BOSLEY (#119131)                                        CIVIL ACTION

VERSUS

JAMES M. LEBLANC, SECRETARY, ET AL.                             NO. 08-0308-C-M3

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James M. LeBlanc, the Louisiana Department of Public Safety and Corrections, Warden Burl Cain, Msgt. J. Bolden, Msgt. K. Davis, and an unidentified "Commercial Insuror" [sic], alleging that the defendants were deliberately indifferent to his health or safety on May 25, 2007, on which date he and several other inmates sustained injury in a motor vehicle accident which occurred at the prison.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's Complaint alleges that on May 25, 2007, he and other inmates were placed in a transport vehicle at LSP for "main prison call-outs". He complains that defendant Davis

directed that too many inmates be placed into the vehicle. He further complains that the driver thereof, defendant Bolden, blindly backed the vehicle into a perimeter post, causing the plaintiff to sustain injury to his neck and back.

The plaintiff's allegations make clear that the claims arising out of this incident are not claims of constitutional dimension. In this regard, the Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Accordingly, a prison official must have a "sufficiently culpable state of mind," i.e., a state of mind of "deliberate indifference" to inmate health or safety, to support a claim against him. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991). Mere negligence is not enough. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). As stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the determinative question is whether the prison official subjectively knew that the inmate faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it.

Applying this test to the facts of the instant case, it is clear that the plaintiff's claims fail to rise to the level of constitutional violations. Initially, the Court notes that the plaintiff lacks standing to assert the civil rights of third parties or co-inmates injured by the defendants' alleged wrongful conduct. Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986). Accordingly, the plaintiff may not here complain of any injuries allegedly sustained by co-inmates who also occupied the transport vehicle. Further, it is clear that the plaintiff's claims are based entirely on assertions of mere negligence and not of deliberate indifference. Although the plaintiff complains that there were too many inmates placed into the vehicle and that defendant Bolden operated the vehicle in a careless manner, it does not appear from the plaintiff's allegations that either defendant Davis or defendant Bolden intended to cause the plaintiff harm, knew that serious injury was substantially certain to occur, or was otherwise aware of a substantial risk of harm to the plaintiff's health or

safety which the defendants ignored. To the contrary, the plaintiff's allegations sound in the nature of negligence alone, and accordingly, his Complaint fails to state a claim of constitutional dimension against the defendants. It is clear, therefore, that the plaintiff's claims have no arguable basis in fact or in law, and that this action should be dismissed as frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.[1]

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiffs' claims be dismissed as frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.

Baton Rouge, Louisiana, this 27th day of May, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

---

[1] The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."